IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIO TORRES | § | |
| | § | |
| vs. | § | C.A. NO. C-01-369 |
| | § | |
| U.S. DEPT. OF JUSTICE, et al. | § | |

## ORDER OF TRANSFER

Petitioner has filed the instant suit challenging "deportation proceedings." Petitioner alleges that his right to assistance of counsel was denied, rendering his pending deportation illegal. Although petitioner requests injunctive relief, it is clear that he is seeking relief from a removal order. Petitioner's request will be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See I.N.S. v. St. Cyr, — U.S. —, 121 S. Ct. 2271 (2001) (holding that district courts have jurisdiction under 28 U.S.C. § 2241 over collateral review of INS removal decisions); Cano-Miranda v. Ashcroft, 262 F.3d 477, 477 (5th Cir. 2001).

While the habeas corpus statute does not contain a venue provision applicable to this case--the habeas statute's explicit venue provision, subsection 2241(d), pertains only to "a person in custody under the judgment and sentence of a State court"--the Supreme Court has made clear that courts should apply "traditional venue considerations" in a habeas proceeding where venue is not fixed by statute. See Mojica v. Reno, 970 F.Supp. 130, 167 (E.D.N.Y. 1997), citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493, 93 S.Ct. 1123, 1128-29 (1973). Such traditional venue considerations include, but are not necessarily limited to: (1) the location where the material events took place, (2) where records and witnesses pertinent to the claim are likely to be found, (3) the convenience of the forum for respondent and petitioner, and (4) the familiarity of the court with

2

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____
         Deputy Clerk

the applicable laws. *See* <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. at 493-94, 93 S.Ct. at 1128-29 (1973).

In the instant case, petitioner has not provided much information with which to assess these considerations. Nevertheless, it is clear that petitioner is now confined at the Willacy County State Jail in Willacy, Texas, and that he was confined there at the time he filed his petition. Willacy County is in the Brownsville Division of the Southern District of Texas. 28 U.S.C. § 124(b)(4). The Court concludes that the Brownsville Division is the most convenient forum for adjudication of petitioner's claims, and that transfer to that division would be in the interest of justice. 28 U.S.C. § 1404(a).

Accordingly, it is ordered that the Clerk transfer this action to the United States District Court for the Southern District of Texas, Brownsville Division.

ORDERED this 4 day of December, 2001.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

3