# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| MARIO TORRES ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | CIVIL ACTION NO. B-01-202 |
| et al. ) | |
| ) | |
| ) | |

United States District Court
Southern District of Texas
ENTERED

FEB 1 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER

Mario Torres (Petitioner) filed the instant suit challenging his "deportation proceedings." Petitioner alleges that his right to assistance of counsel was denied, rendering his pending deportation illegal. Although petitioner requests injunctive relief, it is clear that he is seeking relief from a removal order. Petitioner's request was construed as a petition for a writ of habeas corpus under 28 U.S.C. Section 2241.

This case was transferred from the Corpus Christi Division to the Brownsville Division on December 4, 2001 because Petitioner is confined in the Willacy County State Jail in Willacy, Texas. He was confined there at the time he filed his petition. Willacy County is in the Brownsville Division of the Southern District of Texas. The Court in the Corpus Christi Division concluded that the Brownsville Division was the most convenient forum for adjudication of petitioner's claims, and that the transfer to that division would be in the interest of justice. 28 U.S.C. Section 1404(a).

Section 106(c) of the Immigration and Nationality Act (Act, INA) states that unless an alien exhausts his available administrative remedies, the deportation order "shall not be reviewed by any court." Plaintiff filed his Petition for Writ of Habeas Corpus in this Court without first appealing to the Board of Immigration Appeals (Board). Plaintiff did not exhaust his administrative remedies. This Court does not have jurisdiction to review Plaintiff's Petition for Writ of Habeas Corpus. Plaintiff must file an appeal regarding his deportation proceedings with the Board.

Accordingly, it is ORDERED that Petitioner's Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 be DENIED. This case is DISMISSED without prejudice.

DONE at Brownsville, Texas this 15th day of February, 2001.

Filemon B. Vela
United States District Judge